UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RALEEM, #211080,

        Plaintiff,                               Case No. 16-cv-12686

v                                               Honorable Thomas L. Ludington

LARRY BROWN, et al.,,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT**

      Michigan state prisoner Raleem has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff alleges that the eleven Michigan Department of Corrections' employees named as defendants unlawfully took his personal property from his cell, falsified responses to grievances, restricted his right to send and receive mail, verbally harassed him, and violated his rights under the First Amendment. ECF No.1. Plaintiff seeks monetary damages and injunctive relief. Plaintiff has also requested that he be permitted to proceed *in forma pauperis* in this case. See 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the Court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

      Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Edwards v. Gaul,* 40 F. App'x 970, 971 (6th Cir. 2002) (holding that district court properly dismissed without prejudice a prisoner's civil rights complaint barred by the "three strikes" provision).

Plaintiff has filed four prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Fuller v. Gerth, et al.,* Case No. 2:12-cv-368 (W.D. Mich. Nov. 20, 2012); *Fuller v. Huss, et al.,* Case No. 1:23-cv-926 (W.D. Mich. Sept. 28, 2012); *Fuller v. Bouchard*, Case No. 2:04-cv-35 (W.D. Mich. April 2, 2004); *Fuller v. Calvin, et al.,* Case No. 2:00-cv-225 (W.D. Mich. May 29, 2001). Plaintiff also has received notice that he is a three-striker, having had several cases dismissed under 28 U.S.C. § 1915(g). *See Fuller v. PCS Daily Dial Phone Co.,* Case No. 2:15-cv-13620, 2015 WL 6438915 (E.D. Mich. Oct. 23, 2015); *Fuller v. Sherve*, Case No. 1:12-cv-861, 2014 WL 1347430 (W.D. Mich. April 4, 2014); *Fuller v. Caruso*, Case No. 2:12-cv-480, 2013 WL 1830856 (W.D. Mich. April 30, 2013).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three

strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, 416 F. App'x 561 (6th Cir. Mar. 28, 2011). Plaintiff fails to allege any facts to establish that the claimed violations place him in imminent danger of physical injury. *Mulazim v. Michigan Department of Corrections*, 28 F. App'x 470, 472 (6th Cir. 2002).

Accordingly, it is **ORDERED** that Plaintiff's application for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 28, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager